## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case Number: 08-CR-0167 (2) RJL |
| | : | |
| JOSE GUTIERREZ, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, Defendant JOSE GUTIERREZ.., through counsel, Anthony D. Martin, respectfully requests this Honorable Court to instruct the jury in the above-captioned matter in accordance with the proposed instructions, annexed hereto. The following citations are submitted with the understanding that this Court will accept them in this form as being in conformity with Rule 30 of the Federal Rules of Criminal Procedure.

The defense requests that this Court provide counsel with a copy of the final instructions prior to counsels' arguments to the jury. Further, counsel requests leave of the Court to supplement the instructions as appropriate based rulings and evidence presented at trial.

Respectfully submitted,

ANTHONY D. MARTIN

1

UNITED STATES  v. JOSE GUTIERREZ , Crim. No. 08-CR-0167 (2) RJL

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1

Juror Attentiveness

Ladies and gentlemen, you are about to enter your final duty, which is to decide the fact issues in the case.

Before you do that, I will instruct you on the law.  Please pay close attention.  I will go as slowly as I can and be as clear as possible.

I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and observe each witness who testified.  It has been obvious to me and to counsel that you have faithfully discharged this duty.  Your interest never flagged, and it is evident that you followed the testimony with close attention.

I ask you to give me that same careful attention, as I instruct you on the law.

L. Sand, et al., Modern Federal Instructions, No. 2-1

<u>UNITED STATES v. JOSE GUTIERREZ</u> , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 2

<u>Role of Court</u>

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be -- or ought to be -- it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

L. Sand, et al., <u>Modern Federal Instructions</u>, No. 2-2.

UNITED STATES v. JOSE GUTIERREZ , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 3

Role of the Jury

Your role is to pass upon and decide the factual issues that are in the case.  You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses, you resolve such conflicts as there may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

I shall later discuss with you how to pass upon the credibility -- or believability -- of the witnesses.

In determining the facts, you must rely upon your own recollection of the evidence.  What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. In this connection, you should bear in mind that a question put to a witness is never evidence.  It is only the answer, which is evidence.  Nor is anything I may have said during the trial or may say during these instructions with respect to a fact matter to be taken in substitution for your own independent recollection.  What I say is not evidence.

The evidence does not include questions.  Only the answers are evidence. But you may  not consider any answer that I directed you to disregard or that I directed struck from the record.  Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the guilt of the defendant has been proven beyond a reasonable doubt.

I also ask you to draw no inference from the fact that, upon occasion, I asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness.  You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice as to any party.

L. Sand, et al., <u>Modern Federal Instructions</u>, No. 2-3.

<u>UNITED STATES v. JOSE GUTIERREZ</u> , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 4

<u>Juror Obligations</u>

In determining the facts, the jury is reminded that before each member was accepted and sworn to act as a juror, he or she was asked questions concerning competency, qualifications, fairness and freedom from prejudice and bias.  On the faith of those answers, the juror was accepted by the parties.  Therefore, those answers are as binding on each of the jurors now as there were then, and should remain so, until the jury is discharged from consideration of this case.

L. Sand, et al., <u>Modern Federal Instructions</u>, No. 2-4.

<u>UNITED STATES v. JOSE GUTIERREZ</u> , Crim. No. 08-CR-0167 (2) RJL

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 5

<u>Disregarding Unproven Allegations</u>

You will put out of your minds any reference or evidence concerning [insert count and brief description] because I have ruled that the government has failed to proved (e.g., all of the necessary elements of that charge).  You must decide the remaining counts as if a charge was not made and as if no evidence was submitted in support of that charge.

You must limit your consideration to (***) and you must determine if the government has sustained its burden of proof beyond a reasonable doubt, excluding all references to or evidence concerning ***.

L. Sand, et al., <u>Modern Federal Instructions</u>, No. 2-20

UNITED STATES v. JOSE GUTIERREZ , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 6

Number of Witnesses and Uncontradicted Testimony

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be4 credible. You also have to decide which witnesses to believe and which facts are true.  Top do this you must look at all the evidence, drawing upon your own common sense an d personal experience.  (After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side.)

In a moment, I will discuss the criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the government and the defendant is not required to call any witnesses or offer any evidence, since his is presumed to be innocent.

L. Sand, et al., Modern Federal Instructions, No. 2-20

UNITED STATES v. JOSE GUTIERREZ , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 7

Impeachment by Prior Inconsistent Statement

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness' trial testimony.  Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the defendant's guilt. Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself.  If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

L. Sand, et al., Modern Federal Instructions, No. 7-19

UNITED STATES v. JOSE GUTIERREZ , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 8

The Government as a Party

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration.  All parties, whether government or individuals, stand as equals at the bar of justice.

L. Sand, et al., Modern Federal Instructions, No. 2-5 (modified).

UNITED STATES v. JOSE GUTIERREZ , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 9

Conduct of Counsel

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence, which the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  All those questions of law must be decided by me, the court.  You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

L. Sand, et al., Modern Federal Instructions, No. 2-8

<u>UNITED STATES v. JOSE GUTIERREZ</u> , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 10

<u>Consider Only the Charges</u>

The defendant is not charged with committing any crime other than the offenses contained in

the indictment.  You have heard evidence of other acts allegedly committed by the defendant.  When

that evidence was introduced, I instructed you that it was to be considered by you solely for a limited

purpose on *****.  I will explain that limited purpose again in a moment.  ****

L. Sand, et al., <u>Modern Federal Instructions</u>, No. 3-3 (modified)

UNITED STATES v. JOSE GUTIERREZ , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 11

Knowingly

You have been instructed that in order to sustain its burden of proof, the government must prove that the defendant acted knowingly.  A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness.  In determining whether or not the Government has proved that the defendant acted knowingly, you should consider all of the facts and circumstances surrounding the case.

L. Sand, et al., Modern Federal Instructions, No. 3A-1 (modified).

13

UNITED STATES v. JOSE GUTIERREZ , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 12

Intentionally

The government must prove beyond a reasonable doubt that the defendant acted intentionally.  Before you can find that the defendant acted intentionally, you must be satisfied beyond a reasonable doubt that the defendant acted deliberately and purposefully.  That is, defendant's acts must have been the product of defendant's conscious objective rather than the produce of a mistake or accident.

L. Sand, et al., Modern Federal Instructions, No. 3A-4

UNITED STATES v. JOSE GUTIERREZ , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 13

Improper Consideration of Defendant's Right Not to Testify

The defendant did not testify in this case.  Under our Constitution, he has no obligation to testify or to present any other evidence because it is the prosecution's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the prosecution throughout the entire trial and never shifts to the defendant.  The defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

L. Sand, et al., Modern Federal Instructions, No. 5-21

<u>UNITED STATES v. JOSE GUTIERREZ</u> , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 14

<u>Defendant's Interest if Defendant Testifies</u>

In a criminal case, the defendant cannot be required to testify, but, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf.   In this case, the defendant decided to testify.   You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case.   You should not disregard or disbelieve his testimony simply because he is charged as a defendant in this case.

L. Sand, et al., <u>Modern Federal Instructions</u>, No. 7-4.

16

<u>UNITED STATES v. JOSE GUTIERREZ</u> , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 15

<u>Witness Credibility</u>

You have an opportunity to observe all of the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues under the counts of the indictment, in the face of the very different pictures painted by the government and the defense which cannot be reconciled.  You will now have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed.  In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of each witness' testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you.  Was the witness candid, frank and forthright?  Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent in his or her testimony or did he contradict himself or herself?  Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness' bias.  Does the witness have a relationship with the government or the defendant, which may affect how he or she testified?  Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth; or, does the witness have some bias, prejudice or hostility that may have caused the witness -- consciously or not -- to give something other than a completely accurate account of the facts he testified to?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about and you should also consider the witness' ability to express himself or herself.  Ask yourselves whether the witness' recollection of the facts stand up in light of all other evidence.

In other words, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection.  In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.

L. Sand, et al., <u>Modern Federal Instructions</u>, No. 7-1.

<u>UNITED STATES v. JOSE GUTIERREZ</u> , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 16

<u>Bias and Hostility</u>

In connection with your evaluation of the credibility of the witness, you should specifically consider evidence of resentment or anger, which some government witnesses may have towards the defendant.

Evidence that a witness is biased, prejudiced or hostile towards the defendant requires you to view that witness' testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

L. San, et al., <u>Modern Federal Instructions</u>, No. 7-2.d

UNITED STATES v. JOSE GUTIERREZ , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 17

Law Enforcement Witness

You have heard the testimony of a law enforcement official.  The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

L. Sand, et al., Modern Federal Instructions, No. 7-16.

UNITED STATES v. JOSE GUTIERREZ , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 18

Expert Witness (Generally)

You have heard testimony from a witness referred to as an "expert witness."  An expert is allowed to express his opinion on those matters about which he has special knowledge and training. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, his opinions, his reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony.  You  may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept this witness' testimony merely because he is an expert.  Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

L. Sand, et al., Modern Federal Instructions, No. 7-21.

21

UNITED STATES v. JOSE GUTIERREZ , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 19

Indictment Is Not Evidence

With these preliminary instructions in mind, let us turn to the charge against the defendant, as contained in the indictment.  I remind you that an indictment itself is not evidence.  It  merely describes the charges made against the defendant.  It is an accusation.  It may not be considered by you as any evidence of the guilty of the defendant.

In reaching your determination of whether the government has proved the defendant guilty beyond a reasonable doubt, you may consider only the evidence introduced or lack of evidence.

L.Sand,etal.,ModernFederalInstructions,No.3-1.

UNITED STATES v. JOSE GUTIERREZ , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 20

Number of Witnesses and Uncontradicted Testimony

The fact that one party called more witnesses and introduced more evidence from the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses.  By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You also have to decide which witnesses to believe an which facts are true.  To do this, you must look at all the evidence, drawing upon your own common sense and personal experience.  (After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you do not believe the fewer witnesses called by the other side).

In a moment, I will discuss the criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the government and the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.

L. Sand, et al., Modern Federal Instructions, No. 4-3.

<u>UNITED STATES v. JOSE GUTIERREZ</u> , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 21

Instruction 52-34

The Indictment and the Statute

The indictment charges the defendant with committing a violent crime in aid of racketeering. The indictment reads as follows:

**[Read Indictment]**

The defendant is charged with violating section 1959 of Title 18 of the United States Code. That section reads as follows:

Whoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires to do so [is guilty of a crime].

L.Sand, et al., <u>Modern Federal Instructions</u>, No. Instruction 52-34

<u>UNITED STATES v. JOSE GUTIERREZ</u> , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 22

Instruction 52-35

Prejudice From the Word ("Racketeering")

The word "racketeering" has certain implications in our society. Use of that term in this statute and in this courtroom should not be regarded as having anything to do with your determination of whether the guilt of this defendant has been proven. The term is only a term used by Congress to describe the statute.

1 Adapted from the charge in *United States v. Ljubas*, 81 Cr. 402 (S.D.N.Y. l982).

L.Sand, et al., <u>Modern Federal Instructions</u>, No. Instruction 52-35

(Re1.548

<u>UNITED STATES v. JOSE GUTIERREZ</u> , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 23

<u>Elements of the Crime</u>

Instruction 52-36

Elements of the Offense

In order to prove that the defendant violated section 1959, the government must establish beyond a reasonable doubt each one of the following five elements of the offense:

First, that an enterprise affecting interstate commerce existed;

Second, that the enterprise was engaged in racketeering activity;

Third, that defendant had (or was seeking) a position in the enterprise;

Fourth, that defendant committed the alleged crime of violence; and

Fifth, that defendant's general purpose in committing the crime of violence was to maintain or increase his position in the enterprise (or in consideration for the receipt of anything of value).

L.Sand, *et al*., <u>Modern Federal Instructions</u>, No. Instruction 52-36

<u>UNITED STATES v. JOSE GUTIERREZ</u> , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 24

Instruction 52-37

First Element-Existence of Enterprise Affecting Interstate Cornmerce

The first element the government must prove beyond a reasonable doubt is that an 6'enterprise"
existed, which was engaged in or had an effect upon, interstate (or foreign) commerce. An enterprise
includes any legal entity, such as a partnership, corporation, or association. The government has
charged that the enterprise in this case is as follows: [Read the counts or allegations which relate to
the enterprise.] If you find that this was, in fact, a legal entity such as a partnership, corporation or
association, then you may find that an enterprise existed. An enterprise also includes a group of
people who have associated together for a common purpose of engaging in a course of conduct over
a period of time. This group of people, in addition to having a common purpose, must have an
ongoing organization, either formal or informal, and it must have personnel who function as a
continuing unit. This group of people does not have to be a legally recognized entity, such as a
partnership or corporation. This group may be organized for a legitimate and lawful purpose, or it
may be organized for an unlawful purpose. The government has charged the following in the
indictment as constituting the enterprise. [Read the counts or allegations which relate to the
enterprise.] If you find that this was a group of people characterized by (1) a common purpose, (2)
an ongoing formal or informal organization, and (3) bV personnel who function as a continuing unit,
then you may find that an enterprise existed. To satisfy this element, the government is also required
to prove beyond a reasonable doubt that the enterprise was engaged in or had any effect upon
interstate (or foreign) commerce. Interstate commerce includes the movement of goods, services,
money and individuals between states (or between states and the District of Columbia or a U.S.
Territory or possession or between the United States and a foreign state or nation). The government
must prove that the enterprise engaged in interstate commerce or that its activities affected interstate
commerce in any way, no matter how minimal. It is not necessary to prove that the acts of any
particular defendant affected interstate commerce as long as the acts of the enterprise had such
effect. Finally, the government is not required to prove that any defendant knew he was affecting
interstate commerce.


Authority Seventh Circuit: United States v. Phillips, 239 F3d829 (7th Cir. 2001).

L.Sand, *et al*., <u>Modern Federal Instructions</u>, No. Instruction 52-37

UNITED STATES v. JOSE GUTIERREZ , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 25

Instruction 52-38

Second Element-Enterprise Engaged in Racketeering Activity

The second element the government must establish beyond a reasonable doubt
is that the enterprise was engaged in racketeering activity. The Indictment alleges that the
following acts of racketeering activity were engaged in by the enterprise:

**[Read relevant portions of Indictment]**

I charge you that 'racketeering activity" includes such offenses as [e.g., murder, assault with intent to
kill]. It is for you to determine whether the enterprise engaged in these activities as charged. You
should give the words ('engaged in', their ordinary, everyday meaning. For an enterprise to be
engaged in racketeering activity it is enough to show that the enterprise committed or was planning
to commit some racketeering activity within a period of time short enough under all of the
circumstances so that it is appropriate to say that the enterprise was engaged in racketeering activity.
In order for the state offense of [e.g., murder] to be considered as a racketeering act, the government
must prove to you beyond a reasonable doubt that the defendant committed that offense as defined
by [the state]. The elements of that offense are as follows:

**[List elements of state law offense.]**

L.Sand, *et al*., Modern Federal Instructions, No. Instruction 52-38

<u>UNITED STATES v. JOSE GUTIERREZ</u> , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 26


Instruction 52-39

Third Element-Position in the Enterprise


The third element the government must establish beyond a reasonable doubt is that defendant had (or was seeking) a position in the enterprise. To establish this element the government must prove that defendant was actively engaged in promoting the illegal activities of the enterprise. It is not enough to prove that defendant was doing business with the enterprise; the government must prove that he was actually a member of the enterprise.


Authority:

Second Circuit: United States v. Polanco, 145 F.3d 536 (2d Cir. 1998); United States v. Brady, 26 F.3d 282 (2d Cir. 1994).



L.Sand, *et al*., <u>Modern Federal Instructions</u>, No. Instruction 52-39

<u>UNITED STATES v. JOSE GUTIERREZ</u> , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 27

Instruction 52-40

Fourth Element-Defendant Committed Crime of Violence

The fourth element the government must establish beyond a reasonable doubt is that defendant committed [the alleged crime of violence]. Let me now instruct you on the elements of [e.g., murder].

**[Explain elements of alleged crime of violence.]**

L.Sand, *et al*., <u>Modern Federal Instructions</u>, No. Instruction 52-40

UNITED STATES v. JOSE GUTIERREZ , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 28

Need for Unanimity

The government, to prevail, must prove the essential elements by the required degree of proof, as already explained in these instructions.  If it succeeds, your verdict should be guilty; if it fails, it should be not guilty.  To report a verdict, it must be unanimous.  If you cannot reach a unanimous verdict, you should notify the court.

Your function is to weigh the evidence in the case and determine whether or not the defendant is guilty, solely upon the basis of such evidence.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her follow jurors.  That is the very purpose of jury deliberation -- to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence -- if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, to the evidence in the case.

But you should not hesitate to change an opinion, which after discussion with your fellow jurors, appears erroneous.

However, if, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered.

Your final vote must reflect your conscientious conviction as to how the issues should be decided.  If you able to reach a verdict, whether guilty or not guilty, it must be unanimous.

L. Sand, et al., <u>Modern Federal Instructions</u>, No. 9-7 (modified).

UNITED STATES v. JOSE GUTIERREZ , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 29

Presumption of Innocence and Burden of Proof

I instruct you that you must presume the defendant to be innocent of the crimes charged. Thus the defendant, although accused of crimes in the indictment, begins the trial with a "clean slate" — with no evidence against him.  The indictment, as you already know, is not evidence of any kind.  The defendant is, of course, not on trial for any act or crime not contained in the indictment.  The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant.  The presumption of innocence alone therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt.  This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.  The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

Unless the government proves, beyond a reasonable doubt, that the defendant has committed each and every element of the offense charged in the indictment, you must find the defendant not guilty of the offense.  If the jury views the evidence in the case as reasonably permitting either of two conclusions—one of innocence, the other of guilt—the jury must, of course, adopt the conclusion of innocence.

Devitt, Blackmar, et al., Federal Jury Practice and Instruction, (4th ed.), § 12.10 (modified)

UNITED STATES v. JOSE GUTIERREZ , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 30

Reasonable Doubt

I have said that, in order to sustain its burden of proof, the Government must prove the defendant guilty beyond a reasonable doubt.  The question naturally is what is a reasonable doubt? It is a doubt based upon reason and common sense.  It is a doubt that a reasonable person has after carefully weighing all of the evidence.  It is a doubt, which would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

In a criminal case, the burden is at all times upon the Government to prove guilt beyond a reasonable doubt.  This burden never shifts to the defendant, which means that it is always the Government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

If, after fair and impartial consideration of all of the evidence you have a reasonable doubt, it is your duty to acquit the defendant.  On the other hand, if after fair and impartial consideration of all the evidence you are satisfied of the defendant's guilt beyond a reasonable doubt, you should vote to return a guilty verdict.

L.Sand,etal., Modern Federal Instructions, No. 4-2(modified)

<u>UNITED STATES v. JOSE GUTIERREZ</u>, Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 31

Instruction 2-11

Improper Considerations: Race, Religion, National Origin, Sex  or Age.

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence. It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex or age. All persons are entitled to the presumption of innocence and the government has the burden of proof, as I will discuss in a moment. It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision making process. To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

Authority: United States Supreme Court: *Irvin v. Dowd*, 366 U.S. 717, 8I S. Ct. 1639, 6 L. Ed. 2d 1sr (1961); District of Columbia Circuit:'*United States v. Bell*, 506 F.2d 201 (D.C. Cir. 1974); *Carter v. United States*, 427 F.2d 619 (D.C. Cir. 1970).

L.Sand,etal.<u>, Modern Federal Instructions</u>, No. 2-11)

<u>UNITED STATES v. JOSE GUTIERREZ</u> , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 32


Instruction 2-18

Jury to Consider Only This Defendant

You are about to be asked to decide whether or not the government has proven beyond a reasonable doubt the guilt of this defendant. You are not being asked whether any other person has been proven guilty. Your verdict should be based solely upon the evidence or lack of evidence as to this defendant, in accordance with my instructions and without regard to whether the guilt of other people has or has not been proven.


Authority

Tenth Circuit: United States v. Cooley, I F.3d 985 (10th Cir. 1993).


L.Sand,etal<u>., Modern Federal Instructions</u>, No. 2-18

<u>UNITED STATES v. JOSE GUTIERREZ</u> , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 33

Instruction 2-19

Disregarding Disposition of Codefendant's Case

The codefendant is no longer on trial and you are not being asked to reach a verdict as to him. You are not to be concerned with the codefendant, nor are you to speculate about the reasons why he is no longer part of this trial, and this fact should not affect or influence your verdict with respect to the remaining defendant. You must base your verdict as to this defendant solely on the basis of the evidence or lack of evidence against him.

Authority

First Circuit: *United States v. Owens*, 167 F.3d 739 (1st Cir.), cert. denied, 528 U.S. 894 (1999).
Second Circuit: *United States v. Gibbons*, 602 F.2d 1044 (2d Cir.), cert. denied, 444 U.S. 950 (1979).
Sixth Circuit: *United States v. Walker*, 1 F.3d 423 (6th Cir. 1993).
Seventh Circuit: *United States v. Clarke*, 227 F.3d 874 (7th Cir.2000), cert. denied,531 U.S. II82 (2001); *United States v. Villagrana*, 5 F.3d 1048 (7th Cir. 1993)

L.Sand,*et al*., <u>Modern Federal Instructions</u>, No. 2-19

UNITED STATES v. JOSE GUTIERREZ , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 34


Instruction 2-20

Disregarding Unproven Allegations

You will put out of your minds any reference or evidence concerning [insert count and brief description, (e.g., Count 3-possession of firearms] because I have ruled that the government has failed to prove (e.g., all of the necessary elements of that charge). You must decide the remaining counts as if a charge was not made and as if no evidence was submitted in support of that charge. You must limit your consideration to (e.g., Counts I and 2 of the indictment) and you must determine if the government has sustained its burden of proof beyond a reasonable doubt, excluding all references to or evidence concerning (e.g., Count 3).


Authority

First Circuit: *United States v. Badessa*, 152 F.2d 77I, 777 (lst Cir. 1985).


L.Sand,*et al*., Modern Federal Instructions, No. 2-19

<u>UNITED STATES v. JOSE GUTIERREZ</u>, Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 35

### *Charts and Summaries (Admitted as Evidence)*

The government (or defense) has presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

L.Sand,etal<u>., Modern Federal Instructions</u>, No.Instruction 5-12

<u>UNITED STATES v. JOSE GUTIERREZ</u> , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 36

***Charts and Summaries (Not Admitted As Evidence)***

The charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based. It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

*L.Sand, et al*., <u>Modern Federal Instructions</u>, No. Instruction: 5-13

UNITED STATES v. JOSE GUTIERREZ , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 37

### Similar Acts-Intent, Knowledge, Absence of Mistake

The government has offered evidence tending to show that on a different occasion the defendant engaged in conduct similar to the charges in the indictment.  In that connection, let me remind you that the defendant is not on trial for committing this act not alleged in the indictment. Accordingly, you may not consider this evidence of the similar act as a substitute for proof that the defendant committed the crime charged. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. The evidence of the other similar act was admitted for a much more limited purpose and you may consider it only for that limited purpose. rf you determine that the defendant committed the acts charged in the indictment and the similar acts as well, then you may, but you need not draw an inference that in doing the acts charged in the indictment, the defendant acted knowingly and intentionally and not because of some mistake or accident or other innocent reasons. Evidence of similar acts may not be considered by you for any other purpose. Specifically' you may not use this evidence to conclude that because the  defendant committed the other act he must also have committed the acts charged in the indictment.

*L.Sand, et al*., Modern Federal Instructions, No. Instruction: 5-25

<u>UNITED STATES v. JOSE GUTIERREZ</u> , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 38

### *Impermissible to Infer Participation from Association*

You may not infer that the defendant was guilty of participating in criminal conduct

merely from the fact that he associated with other people who were guilty of wrongdoing.


*L.Sand, et al*., <u>Modern Federal Instructions</u>, No. Instruction: 6-4

UNITED STATES v. JOSE GUTIERREZ , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 39

### Bias and Hostility

In connection with your evaluation of the credibility of the witnesses, you should specifically

consider evidence of resentment or anger which some government witnesses may have towards the

defendant.  Evidence that a witness is biased, prejudiced or hostile toward the defendant

requires you to view that witness' testimony with caution, to weigh it with care, and subject it to

close and searching scrutiny.

*L.Sand, et al*., Modern Federal Instructions, No. Instruction: Instruction 7-2

UNITED STATES v. JOSE GUTIERREZ , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 40

### *Interest in Outcome*

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may

have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care. This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.

*L.Sand, et al*., Modern Federal Instructions, No. Instruction: Instruction 7-3

<u>UNITED STATES</u> v. <u>JOSE GUTIERREZ</u> , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 41

### *Informal Immunity of Government Witness*

You have heard the testimony of a witness who has been promised that in exchange for testifying truthfully, completely, and fully, he will not be prosecuted for any crimes which he may have admitted either here in court or in interviews with the prosecutors. This promise was not a formal order of immunity by the court, but was arranged directly between the witness and the government. The government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given. You are instructed that you may convict a defendant on the basis of such a witness' testimony alone, if you find that his testimony proves the defendant guilty beyond a reasonable doubt.  However, the testimony of a witness who has been promised that he will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness' own interests for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony. Such testimony should be received by you with suspicion and you may give it such weight o if any, as you believe it deserves.


*L.Sand, et al*., <u>Modern Federal Instructions</u>, No. Instruction: Instruction 7-9

<u>UNITED STATES v. JOSE GUTIERREZ</u> , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 42

### *Impeachment by Felony Conviction-Non-Defendant*

You have heard the testimony of a witness who was previously convicted of a crime, punishable by more than one year in jail ( or involving dishonesty or false statement). This prior conviction was put into evidence for you to consider in evaluating the witness' credibility. You may consider the fact that the witness who testified is a convicted felon in deciding how much of his testimony to accept and what weight, if any, it should be given.

*L.Sand, et al*., <u>Modern Federal Instructions</u>, No. Instruction:  Instruction 7-12

UNITED STATES v. JOSE GUTIERREZ , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 43


Instruction 3-7:

Multiple Defendants-One Count

There are
-
defendants on trial before you. Bach has been charged with
the same crime(s). You must return a separate verdict of guilty or not guilty for
each defendant.
In reaching your verdict, bear in mind that guilt is personal and is individual.  Your verdict must
be based solely upon the evidence about each defendant. The case against each defendant stands
or falls upon the proof or lack of proof against that defendant alone and your verdict as to any
defendant should not influence your decision as to any other defendant.

Authority

First Circuit: *United States v. Gonzalez-Velez*, 466 F.3d 27 (Ist Cir. 2006):
*United States v. Wihbey*, 75 F.3d 761 (lst Cir. 1996).
Fourth Circuit: *United States v. Beasley*, 495 F.3d 142 (4thCir.2007), cert. denied,
_ U.S. _, 128 S. Ct. 1471 (2008).
Sixth Circuit: Sixth Circuit Pattern Criminal Jury Instruction 2.018.
Seventh Circuit: *United States v. Smith*, 995 F.2d 662 (7th Cir. 1993): Seventh
Circuit Pattern Criminal Jury Instruction 4.05.
Eighth Circuit: Eighth Circuit Model Criminal Jury Instruction 3.07.
Eleventh Circuit: *United States v. Talley*, 108 F.3d 277 (llth Cir. 1997).


*L.Sand, et al*., Modern Federal Instructions, No. Instruction:  Instruction 3-7

<u>UNITED STATES  v. JOSE GUTIERREZ</u> , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 44

Instruction 3-8

Multiple Counts-Multiple Defendants

The indictment contains a total of _____counts. Each count charges a defendant with a different crime. There are _____ defendants on trial before you. You must, as a matter of law consider each count of the indictment and each defendant's involvement in that count separately, and you must return a separate verdict on each defendant for each count in which he or she is charged.  In reaching your verdict, bear in mind that guilt is personal and individual.  Your verdict of guilty or not guilty must be based solely upon the evidence about each defendant. The case against each defendant, on each count, stands or falls upon the proof or lack of proof against that defendant alone, and your verdict as to any defendant on any count should not control your decision as to any other defendant or any other count. No other considerations are proper.

Authority

United States Supreme Court: *Benton v. Maryland*, 395 U.S. 784,89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969).
First Circuit: *United States v. Wihbey*, 75 F.3d 761 (1st Cir. 1996).
Second Circuit: *United States v. Sanzo*, 673 F.zd 64 (2d Cil 1982); United States v. Ferrara, 451 F.zd 9I (2d Ck. I97I).
Third Circuit: *United States v. Greenidge*, 495 F.3d 85 (3d Cir.), cert. denied, _ U.S.-, 128 S. Ct. 551 (2007): Third Circuit Model Criminal Jury Instruction 3.14.
Fifth Circuit: *United States v. Peterson*, 244F.3d 385 (5th Cir. 2001); *United States v. Richards*, 204 F.3d I77 (5th Cir. 2000).
Sixth Circuit: Sixth Circuit Pattern Criminal Jury Instruction 2.018.
Seventh Circuit: *United States v. Thornton*, I97 F.3d 241 (7th Cir. 1999); United States v. Rodriguez,53 F3d 1439 (7th Cir. 1995).
Eighth Circuit: Eighth Circuit Model Criminal Jury Instruction 3.08.
Ninth Circuit: *United States v. Fernandez*,388 F.3d 1199 (9th Cir. 2004).
Tenth Circuit: *United States v. Carnagie*, 533 F.3d 1231 (10th Cir. 2008).
Eleventh Circuit: *United States v. Talley*, 108 F.3d 277 (IIth Cir. 1997).
District of Columbia Circuit: *United States v. Brown*, 16 F.3d 423 (4cth Cir.

1994).*L.Sand, et al.*, <u>Modern Federal Instructions</u>, No. Instruction:  Instruction 3-8

<u>UNITED STATES v. JOSE GUTIERREZ</u> , Crim. No. 08-CR-0167 (2) RJL
DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 45

Instruction 3-5

Consider Each Defendant Separately

The indictment names defendants who are on trial together. In reaching a verdict, however, you must bear in mind that guilt is individual. Your verdict as to each defendant must be determined separately with respect to him, solely on the evidence, or lack of evidence, presented against him without regard to the guilt or innocence of anyone else.  In addition, some of the evidence in this case was limited to one defendant. Let me emphasize that any evidence admitted solely against one defendant may be considered only as against that defendant and may not in any respect enter into your deliberations on any other defendant.


Authority
First Circuit: United States v. Falu-Gonzafez,205 F.3d 436 (1st Cir. 2000).
Third Circuit: Third Circuit Model Criminal Jury Instruction 3.13.
Sixth Circuit: Sixth Circuit Pattern Criminal Jury Instructions 2.018 ,7.I8.
Seventh Circuit: United States v. Thornton,l9T F.3d241 (7th Cir. 1999); United States v. Rivera, 6 F.3d 431 (7ft Cir. 1993); Seventh Circuit Pattern Criminal Jury Instruction 4.05.
Eighth Circuit: United States v. Jackson, 696F.zd 578 (8th Cir. 1982).
Ninth Circuit: Ninth Circuit Model Criminal Jury Instruction 1.14.
Tenth Circuit: United States v. Cooley, 1 F.3d 985 (10th Cir. 1993).

*L.Sand, et al*., <u>Modern Federal Instructions</u>, No. Instruction:  Instruction 3-8

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the Defendant's Proposed Jury Instructions was sent

electronically to the following individual(s):

>       Gilberto Guerrero, Jr.
>       U.S. ATTORNEY'S OFFICE
>       555 Fourth Street, NW
>       Room 9846
>       Washington, DC 20530
>       (202) 514-7298
>       Email: gilberto.guerrero@usdoj.gov
>
>       Nihar Ranjan Mohanty
>       U.S. ATTORNEY'S OFFICE
>       Narcotics Section
>       555 Fourth Street, NW
>       Room 4120
>       Washington, DC 20530
>       (202) 514-7395
>       Email: nihar.mohanty@usdoj.gov


>                       /S/ Anthony D. Martin


Monday, September 20, 2010